IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHRISTOPHER SHAWN MINOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:12-cv-1332 |
| SARAH MELISSA FOSTER, N.P., | ) Judge Campbell |
| NONA LOGAN, M.D., | ) |
| CORRECT CARE SOLUTIONS, | ) |
| SHERIFF DARON HALL, and | ) |
| DAVIDSON COUNTY SHERIFF'S OFFICE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Christopher Shawn Minor's *pro se* complaint (ECF No. 1) is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I.  FACTUAL ALLEGATIONS

The plaintiff is presently detained at the Davidson County Sheriff's Office – Criminal Justice Center. He names as defendants in this action Nurse Practitioner Sarah Melissa Foster, Doctor Nona Logan, Correct Care Solutions, Sheriff Daron Hall, and the Davidson County Sheriff's Office, and states that he sues all defendants in their "individual, official, and professional capacities." (ECF No. 1, at 3.)

The plaintiff alleges that his shoulder was injured (or "re-injured") when he was taken into custody by the Davidson County Sheriff's Office on September 7, 2012. (*Id.*) He claims that, after being taken into custody, despite numerous "sick calls" and grievances, he was denied any medical treatment at all for his injured shoulder for a period of over 90 days. Finally, he was given an appointment for an MRI and to see a surgeon. However, possibly before either of those appointments took place, the plaintiff was told by Nurse Foster on November 28, 2012 that he would not be seeing a surgeon but would be seeing a physical therapist instead. Foster also gave the plaintiff two weeks' worth of Ultram 50 mg. for pain. The plaintiff insists that he needs surgery and that he is being denied necessary medical care. He claims, somewhat indirectly in the damages section of his complaint, that the defendants acted with deliberate indifference and subjected him

to cruel and unusual punishment. He also claims that their actions amount to malpractice or professional negligence. He seeks compensatory damages.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.   LEGAL ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be

dismissed.

Pretrial detainees have a constitutional right to medical care. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). Although pretrial detainees' rights are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment, they are considered to be analogous to the Eighth Amendment rights of prisoners, *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), in order "to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial." *Roberts*, 773 F.2d at 723; *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1096 (6th Cir. 1992).

Under the Eighth and Fourteenth Amendments, then, prison and jail officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A deliberate-indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.3d at 702 (citing *Farmer*, 511 U.S. at 834). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

In the present case, the plaintiff alleges that he has a shoulder injury or "re-injury." Although he does not state the exact nature of the injury, he clearly believes it to be serious. Construing the complaint in the light most favorable to the plaintiff, the Court concludes that, at this stage, the allegation of injury creates a question of fact as to whether the injury is sufficiently serious to implicate the plaintiff's constitutional right to care. Further, the plaintiff alleges that, despite his filing "over 25 sick calls," he was denied any medical care at all for three months and inadequate care after that. These allegations, if true, again are sufficient to show that the officials being sued must have known the plaintiff had at least at "substantial risk" of serious injury, but deliberately disregarded that risk.

The remaining questions are whether the defendants qualify as "persons" subject to suit under § 1983, and whether allegations in the complaint are adequate to show a deprivation of the plaintiff's rights by each of the named defendants. In that regard, the only individual defendant mentioned by name in the fact section of the complaint is Nurse Practitioner Melissa Foster. Foster, in her role of providing medical care to

inmates in the custody of the Davidson County Sheriff's Office, qualifies as a state actor for purposes of § 1983. *See West v. Atkins,* 487 U.S. 42, 55-56(1988) (holding that private medical contractors such as those employed or contracted by Correct Care Solutions to provide medical care to prisoners) are state actors for purposes of § 1983). Moreover, the plaintiff's allegations are sufficient to suggest that Foster deliberately ignored a serious injury and denied adequate medical care for that injury. The Court finds that the complaint states a colorable claim against Foster under § 1983 for deprivation of the plaintiff's Fourteenth Amendment rights. The claim against her in her individual capacity will therefore be permitted to proceed.

The plaintiff does not allege the individual involvement of either Dr. Logan or Sheriff Hall; instead, the claim against them appears to be based solely on the fact that they are in supervisory positions at the jail. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The complaint contains no allegations suggesting that Sheriff Hall had any personal involvement in the challenged actions or that he had knowledge of or acquiesced in the conduct of an employee under their supervision. The allegations are not sufficient to state a claim against Sheriff Hall in his individual capacity.

With respect to Dr. Logan, however, it may reasonably be inferred from the allegations in the complaint that Dr. Logan, in her capacity as the doctor at the jail overseeing the other medical employees at the facility, including Foster, and making decisions about whom to treat and whom not to treat, deliberately disregarded the plaintiff's 25 sick-calls for a period of three months. Moreover, the allegations are sufficient to suggest that Dr. Logan knowingly approved or acquiesced in Foster's conduct in refusing to provide care to the plaintiff, and then providing inadequate care. *Cf. Bellamy*, 729 F.2d at 421. The claims against Dr. Logan in her individual capacity will therefore be permitted to proceed.

With respect to the official-capacity claims against the individuals, such claims are tantamount to claims against the entities that employ them. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978); *see Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official

capacities stand in the shoes of the entity they represent.") (quotations omitted). In Sheriff Hall's case, his employer is the Metropolitan Government of Nashville and Davidson County ("Metro"), of which the Sheriff's Office is a division or agency. Logan and Foster appear to be employees of Correct Care Solutions, the entity in contract with Metro to provide medical care to inmates in the custody of the Sheriff's Office. Because the plaintiff also names Correct Care Solutions as a defendant, the official-capacity claims against Logan and Foster are redundant and are subject to dismissal on that basis. *Cf. Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 n.4 (6th Cir. 2003) (finding official-capacity claims against individual defendants employed by the city to be redundant of, and subsumed by, the claims against the city); *Burgess v. Paducah Area Transit Auth.*, No. 5:03-CV-166-R, 2006 WL 2228956, *1 (W.D. Ky. Aug. 2, 2006) (dismissing all official-capacity suits as redundant where the entity itself was already named as a defendant).

The official-capacity claims against Sheriff Hall are not redundant, because the plaintiff did not name Metro as a defendant. Instead, he names the Sheriff's Office, which, as stated above, is simply a division of Metro. The claim against the Sheriff's Office itself is subject to dismissal on the alternative grounds that (1) as a division of Metro, the Sheriff's Office itself is not a person subject to suit under § 1983, *see Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–*2 (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983 (M.D. Tenn. Aug. 25, 2010); and (2) if the complaint against the Sheriff's Office is deemed to be a claim against Metro, it is redundant of the official-capacity suit against Sheriff Hall. In either event, the claim against the Sheriff's Office is subject to dismissal. *Cf. Pruitt v. Lewis*, No. 06–2867, 2007 WL 4293037, at *2 (W.D. Tenn. Dec. 6, 2007) (finding that a sheriff's department was not a legal entity separate from its parent county, and also that it was "redundant to name a sheriff's department along with the parent county" as a defendant).

The final issue is whether the plaintiff has stated a claim against either Correct Care Solutions or Metro. A municipality like Metro qualifies as a "person" subject to liability under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Likewise, an entity contracted to perform services that are normally the responsibility of the state may be deemed a state actor subject to liability under § 1983. *West v. Atkins*, 487 U.S. 42, 56 (1988). However, neither a municipality nor a private entity can be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or entity and the alleged constitutional violation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*,

989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city [or contracted entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

The plaintiff in this case alleges that he filed numerous sick-call requests and grievances over a period of nearly three months before finally receiving any medical attention at all. The Court finds that the allegation of delay is sufficient in itself to give rise to a reasonable inference that either Correct Care Solutions or the Sheriff's Office, or both, has adopted a policy or procedure of delaying medical care to the point of deliberate indifference to the serious medical needs of inmates. The Court therefore finds, for purposes of the initial review, that the plaintiff has alleged facts that state a colorable claim against Sheriff Hall in his official capacity and against Correct Care Solutions for deliberate indifference to the plaintiff's serious medical needs.

In sum, the Court finds, for purposes of the initial screening, that the plaintiff has stated a colorable claim under § 1983 for violation of his rights under the Due Process Clause of the Fourteenth Amendment against Nurse Practitioner Melissa Foster and Dr. Nona Logan in their individual capacity, against Sheriff Hall in his official capacity, and against Correct Care Solutions. These claims will be permitted to proceed. The remaining claims will be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

Todd Campbell
United States District Judge