UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. MINOR, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 3:12-1332 |
| v. | ) | Judge Campbell/Bryant |
| | ) | **Jury Demand** |
| SARAH MELISSA FOSTER, et al., | ) | |
| | ) | |
| Defendants | ) | |

**TO:   THE HONORABLE TODD J. CAMPBELL**

**REPORT AND RECOMMENDATION**

**I. Introduction**

By order entered January 10, 2013 (Docket Entry No. 5), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motions.

Plaintiff Christopher S. Minor, an inmate housed in the Criminal Justice Center in Nashville, Tennessee (Docket Entry No. 1, p. 2), filed this *pro se* action *in forma pauperis* under 42 U.S.C. § 1983 on December 20, 2012 against the following defendants: Correct Care Solution, LLC ("CCS"); Sarah Melissa Foster, an employee of CCS; Nona Logan, an employee of CCS; Sheriff Daron Hall; and the Davidson County Sheriff's Office. (Id. at 3) Plaintiff seeks compensatory damages for deliberate indifference, mental anguish, malpractice, negligence, cruel and unusual punishment, and pain and suffering. (Id. at 4) Pursuant to an order filed January 10, 2013, the claim against defendant Hall in his individual capacity was dismissed for failure to state a claim. (Docket Entry No. 5, p. 2) Plaintiff filed a motion to amend on January 22, 2013, which sought to add Metro Government of Nashville and Davidson County ("Metro") as an additional defendant. (Docket Entry No. 12) That motion was granted by the undersigned on March 25, 2013. (Docket Entry No. 30) Defendant Hall

has filed a motion to dismiss the amended complaint's claim against him in his official capacity, based on the addition of Metro as a party. (Docket Entry No. 19) Plaintiff responded to defendant Hall's motion to dismiss with a motion to amend/opposition of dismissal (Docket Entry No. 24), which requests the claims against defendant Hall in his individual and official capacities be heard as part of the suit. (Id. at 1) Defendant's motion to dismiss the amended complaint (Docket Entry No. 35), supersedes his original motion to dismiss (Docket Entry No. 19), and thus this Report and Recommendation concerns only the second motion to dismiss.

As further explained below, the undersigned recommends that the defendant's motion to dismiss the plaintiff's claims against him in both his individual and official capacities be granted.

## II. Factual Background

Plaintiff alleges the following in support of his complaint:

As a result of an accident in 1996 both of plaintiff's shoulders were injured. (Docket Entry No. 12, p. 2) Plaintiff re-injured an old shoulder disability when he was taken into custody on September 7, 2012. (Docket Entry No. 1, p. 3) Plaintiff made approximately twenty-five sick calls over a ninety-day period before he was provided Tylenol. (Id.) He was told an appointment for an MRI would be scheduled and that an appointment would be made for him with a surgeon. (Id.) On November 28, 2012, Melissa Foster, a nurse practitioner hired by CCS, informed plaintiff that he would be seeing a physical therapist instead of a surgeon and placed him on Ultram for two weeks to manage his pain. (Id.) When plaintiff met with a physical therapist on January 8, 2013, he was told he needed an MRI, which he alleges Foster never scheduled. (Docket Entry No. 12, p. 3) In his amended complaint, plaintiff alleges that CCS hired Dr. Logan and Ms. Foster after they had been fired from various other positions. (Id. at 1) He also states CCS hired doctors without active board

2

license numbers. (Id.) Plaintiff also claims Metro instructed CCS to avoid scheduling surgeries and providing pain medication in an effort to cut costs. (Id. at 3) Plaintiff claims that defendant Hall contracted with CCS, which plaintiff alleges failed to use proper hiring policies. (Docket Entry No. 24, p. 1) Plaintiff states that while Metro is now a named defendant, "the controller of jail, inmates, staff, and free staff are under Daron Hall, directly, and it was [h]is inept decision to allow a 'quack' without true registrated credentials (updated) to perform on inmates."(sic) (Id., p. 2) Plaintiff also alleges Sheriff Hall has acted in a discriminatory fashion by allowing Dr. Logan to continue to work in the jail. (Id.)

### III. Conclusions of Law

A. Standard of Review

To assert a 42 U.S.C. § 1983 claim, a plaintiff must allege that a "person acting under color of state law" committed the conduct that is complained of and that the conduct resulted in the deprivation of rights guaranteed by the United States' Constitution or laws. Hadden v. Clifton, 2012 WL 6151991, at *3 (M. D. Tenn. Dec. 10, 2012). When a government official is sued in his official capacity, the claim should be construed as being against the government entity itself. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Moreno v. Metropolitan General Hosp., 2000 WL 353537, at *3 (6th Cir. Mar. 28, 2000). A § 1983 claim against a local government entity requires an allegation that the deprivation of rights suffered by the plaintiff was caused by official policy, since "municipal liability is limited to action for which the municipality is actually responsible." Jones v. Hall, 2012 WL 2003574, at *2 (M.D. Tenn. June 5, 2012) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988)). If the government entity is a named defendant, the official capacity claim against an employee should be dismissed as being duplicative. See e.g

3

Hadden, 2012 WL 6151991, at *3; Oshop v. One, 2009 WL 3247356, at *3 (M.D. Tenn. Oct. 1, 2009); Ramos-Macario v. Jones, 2011 WL 831678, at *9 (M. D. Tenn. Mar. 2, 2011).

To successfully bring a § 1983 claim against a supervisory official, "a plaintiff must allege that the defendant was either directly or personally involved in the alleged unconstitutional activity" Hadden, 2012 WL 6151991, at *4. Liability cannot be established based solely on *respondeat superior*, without a showing that the supervising official "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). "The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (quoting Hays v. Jefferson, 668 F.2d 869, 872 (6th Cir. 1982)).

B. Analysis of the Motion

*I. Motion to dismiss the claim against Sheriff Hall in his official capacity should be granted*

Metro was added as a defendant to this suit by order of the undersigned on March 25, 2013. (Docket Entry No. 30) Because claims against government employees in their official capacity are construed as claims against the government entity itself, the official capacity claim against defendant Hall is the same as the claim against Metro. Moreno, 210 F.3d at *3. Accordingly, the official capacity claim against defendant Hall is duplicative and should be dismissed. Hadden, 2012 WL 6151991, at *3; Oshop v. Doe, 2009 Wl 3247356, at *3 (M. D. Tenn. Oct. 1, 2009).

*ii. Claim against Sheriff Hall in his individual capacity should be dismissed*

Plaintiff alleges in his amended complaint that defendant Hall should be held individually liable for hiring CCS and for inadequately monitoring CCS' medical staff. However, as defendant

4

Hall's motion to dismiss states, the sheriff "does not contract with CCS, nor does he have responsibility for reviewing CCS's performance." (Docket Entry No. 35, p. 2) Matters of public record can be considered in a motion to dismiss. E.g. Jackson v. City of Columbus, 194 F.3d 737 (6th Cir. 1999), abrogated on other grounds by Swierkwicz v. Sorema N.A., 534 U.S. 506 (2002). Defendant Hall directs the undersigned to the "Contract Between Metropolitan Government of Nashville and Davidson County and Correct Care Solutions, LLC for Purchase of Services" (Docket Entry No. 35, Ex. A), to demonstrate that defendant Hall was not party to the contract and thus should not individually be held liable for contracting with CCS. Besides broadly claiming that defendant Hall was in charge, plaintiff alleges no specific facts to indicate defendant Hall was personally involved in the unconstitutional activity as is required to state a claim for individual liability against a supervisory official. Hadden, 2012 WL 6151991, at *4. Additionally, Sheriff Hall is not named in the contract as being in charge of monitoring CCS or its hiring decisions. (Docket Entry No. 35, Ex. A at p. 3 ¶ 10) Because Sheriff Hall was not personally responsible for the actions plaintiff alleges caused him harm, the claim against him in his individual capacity should be dismissed.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that defendant Sheriff Hall's motion to dismiss be GRANTED, and that the claims against him be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and

Recommendation can constitute wavier of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 2nd day of August, 2013.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE